IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TIMOTHY GREG MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV442 |
| | § | |
| WELLS FARGO BANK, N.A., WELLS | § | |
| FARGO HOME MORTGAGE, BARRETT | § | |
| DAFFIN FRAPPIER TURNER & ENGEL, | § | |
| LLP, and ALL INTERESTED PARTIES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

Now before the Court are Defendants Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 28), Plaintiff's Motion to Exceed Page Limit (Dkt. 35), and Defendant Barrett Daffin Frappier Turner & Engel, LLP's ("BDFTE") Motion to Dismiss (Dkt. 53). The motions are GRANTED, and, as set forth below, Plaintiff's claims are dismissed with prejudice for failure to state a claim.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about July 15, 2004, Plaintiff Timothy Greg Martin executed a Deed of Trust to secure the payment of a Promissory Note to purchase real property located at 608 Meadow Lane, Allen, Texas 75002 ("the Property"). *See* Dkt. 17. According to Plaintiff, Defendant Wells Fargo Bank, N.A. bought the Note from WR Starkey Mortgage, L.L.P. *Id.* Plaintiff brought suit to prevent a foreclosure sale on the Property.

On July 1, 2011, Plaintiff, representing himself *pro se*, filed Plaintiff's Original Petition and Application for Temporary and Permanent Injunction and Application for Temporary Restraining Order in the 219th Judicial District Court in Collin County, Texas. *See* Dkt. 3. On July 14, 2011, Defendants filed their Notice of Removal and removed this case to this Court. *See* Dkt. 1. The Wells Fargo Defendants filed a Motion to Dismiss on September 19, 2011, and, in response, Plaintiff filed his Amended Complaint on November 7, 2011. *See* Dkt. 17.

The body of Plaintiff's amended complaint does not delineate any specific causes of action, but challenges any foreclosure on the Property by Defendants. *See* Dkt. 17. The gravamen of Plaintiff's complaint appears to be that he is not in receipt of any documents that would authorize Wells Fargo, WR Starkey Mortgage L.L.P.[1] or Wells Fargo Home Mortgage, Inc. to foreclose on the Property and that any assertion of interest in the Property by Defendants is fraudulent. In the Prayer portion of his complaint, Plaintiff seeks civil penalties and a free and clear title to the Property and alleges fraud and violations of RICO, usury and antitrust law. Plaintiff also requests "that all negative info caused by this conspiracy be removed." Dkt. 17 at 9.

The Wells Fargo Defendants again filed a Motion to Dismiss Plaintiff's Amended Complaint on March 8, 2012. *See* Dkt. 28. Thereafter, Defendant BDFTE filed their Motion to Dismiss on December 20, 2012. *See* Dkt. 53.

In their motions, Defendants argue that Plaintiff's Amended Complaint fails to meet the pleadings standard under Rule 8 of the Federal Rules of Civil Procedure, and therefore fails to allege

---

[1] Although he references WR Starkey Mortgage L.L.P. throughout the complaint, Plaintiff does not name is as a defendant and it therefore has not been served or appeared herein.

a single cause of action. In addition, Defendants contend Plaintiff's lawsuit is based on the speculative theory that, because Plaintiff is not in receipt of certain documents, then Wells Fargo lacks the authority to collect on the subject loan and/or foreclose. However, Defendants argue, Plaintiff's speculative theory is devoid of any factual support and does not give rise to a plausible right to relief or any other claims based on fraud.

After the Wells Fargo Defendants' motion had been pending for more than five months without a response, the Court ordered Plaintiff to file a response. On August 20, 2012, Plaintiff filed his response in opposition. *See* Dkt. 36. Concurrent with the filing of his response, Plaintiff filed a Motion to Exceed Page Limit (Dkt. 35). That motion is GRANTED, and the Court will consider the response filed, to the extent applicable. In his response, Plaintiff attempts to expound on his claims, appearing to assert claims under RESPA and the FDCPA. *See* Dkt. 36. He also expounds on his opposition to Defendants' foreclosure efforts by challenging MERS's authority under the mortgage documents as well as the constitutionality of the foreclosure proceedings. *Id.*

After the pleadings deadline passed and Plaintiff had been given the opportunity to respond to the Wells Fargo Defendants' motion, the Court abated the scheduling order in order to consider the relief requested by Defendants.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th

Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

The Court agrees with Defendants that Plaintiff's pleadings fail to state a "a short and plain statement of the claim showing that the pleader is entitled to relief" as is required under the Federal

Rules. FED. R. CIV. P. 8(a)(2). And, even construing the complaint in a light most favorable to Plaintiff and giving him the deference to which he is entitled as a *pro se* litigant, Plaintiff's claims cannot survive Rule 12(b)(6) scrutiny as they do not rise beyond "labels and conclusions," such that any relief would be plausible.

Primarily, Plaintiff has not stated facts to support a RICO claim. A plaintiff bringing a claim under the RICO statute,18 U.S.C. § 1961, *et seq*., must allege and show at least the three following elements: (1) a person who engages in (2) a pattern of racketeering activity, and (3) connected to the acquisition, establishment, conduct, or control of an enterprise. 18 U.S.C. § 1962; *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009). A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. *Id.* An enterprise under RICO is a group of persons or entities associating together for the common purpose of engaging in a course of conduct, and an enterprise may be a legal entity or any union or group of individuals **associated in fact**. *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir. 2003) (citing 18 U.S.C. § 1961(4)) (emphasis added).

The plaintiff alleging an association-in-fact enterprise must adduce evidence demonstrating "'an ongoing organization, formal or informal, and ... evidence that the various associates function as a continuing unit.'" *Atkinson v. Anadarko Bank & Trust Co.,* 808 F.2d 438, 439-40 (5th Cir. 1987) (quoting *Turkette,* 452 U.S. at 583, 101 S. Ct. at 2528). The enterprise is not a pattern of racketeering activity, but must exist separate and apart from the pattern of racketeering activity in which it engages. *Whelan*, 319 F.3d at 229 (citing 18 U.S.C. § 1961(4)).

Plaintiff's complaint fails to allege any specific facts as to his claims that would show an enterprise of individuals associated in fact with Defendants. Therefore, to the extent he asserts any claims under RICO, they are dismissed. Similarly, there are no facts alleged to support any antitrust or usery claims.

To the extent Plaintiff challenges the sale or assignment of WR Starkey's rights under the original mortgage documents, courts in this Circuit have also routinely rejected borrowers' challenges to the assignment of a note or deed of trust. *See Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. 2010); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. 2011); *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. 2011).

Of particular significance to the Court is the Fifth Circuit's recent opinion in *Kiggundu v. Mortgage Electronic Registration Systems Inc.*, 469 Fed. Appx. 330 (5th Cir. 2012). In *Kiggundu*, the Fifth Circuit affirmed the grant of summary judgment for a defendant bank whose authority to foreclose was challenged. As explained by the Fifth Circuit:

> Because the note was endorsed in blank and the Bank of New York was in possession of the note, under Texas law, the Bank of New York was entitled to collect on it. *See* TEX. BUS. & COM. CODE §§ 1.201(b)(21), 3.204, 3.205. Moreover, under Texas law, the mortgage follows the note. *Lawson v. Gibbs*, 591 S.W.2d 292, 294 (Tex. App. 1979); *see United States v. Vahlco Corp.*, 720 F.2d 885, 891 (5th Cir. 1983). Thus, the Bank of New York was authorized to foreclose on the property when Kiggundu defaulted. Though Kiggundu attacks the

6

> validity of the assignment of the mortgage document—the deed of trust—to the Bank of New York, this argument is beside the point. It was sufficient for the Bank of New York to establish that it was in possession of the note; it was not required to show that the deed of trust had been assigned to it. *See Gilbreath v. White*, 903 S.W.2d 851, 854 (Tex. App. 1995).

*Id*. at 331-332. Here, there are insufficient facts alleged that would show that Defendants lack authority under the Note.

As to Plaintiff's apparent challenges to MERS's authority – detailed primarily in his response to the motion to dismiss – those also are not supported by governing authority. *See, e.g., Richardson v. CitiMortgage, Inc*., 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiffs' attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. Mar. 24, 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. Jul. 7, 2011). Similarly, courts have consistently held that a borrower does not have standing to challenge assignment from MERS to which the borrower was a non-party. *Adams v. Bank of America, N.A.*, 2011 WL 5080217, at *4 (E.D. Tex. 2011); *Defranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *5 (N.D. Tex. 2011); *McAllister v. BAC Home Loans Servicing, LP*, 2011 WL 2200672, *5 (E.D. Tex. 2011); *Eskridge v. Fed. Hom Loan Mortgage Corp.*, 2011 WL 2163989 (W.D. Tex. 2011) *Schieroni v. Deutsche Bank National Trust Company*, 2011 WL 3652194 (S.D. Tex. 2011).

Courts in Texas have also repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note. *Adams v. Bank of America*, 2011 WL 5080217, 5 (E.D. Tex. 2011) (*citing Wells v. BAC Home Loans Servicing, L.P.,* 2011 WL 2163987, at *3 (W.D. Tex. 2011); *Coleman v. Bank of America, N.A.,* 2011 WL 2516169, at *2 (N.D. Tex. 2011); *Dillard v. Mortg. Elec. Registration Sys., Inc.,* No. 3–10–CV–0091–N, slip op. at 4 n. 1 (N.D. Tex. Apr. 16, 2010), appeal dism'd, No. 11–10069 (5th Cir. Apr. 21, 2011); *Sawyer,* 2010 WL 996768, at *3 (N.D. Tex. 2010); *Athey v. Mortgage Elec. Registration Sys., Inc.,* 314 S.W.3d 161, 165–66 (Tex. App. – Eastland 2010, pet. denied); TEX. PROP. CODE § 51.002(a)-(h) (setting forth requirements for non-judicial foreclosure in Texas, which do not include producing original note). Therefore, Plaintiff's claims do not constitute a justiciable controversy.

Plaintiff has also stated insufficient facts to support a fraud claim. To assert a claim of fraud under Texas law, a plaintiff must allege: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Further, to state a claim for fraud in federal court, a Plaintiff must state with particularity the circumstances constituting fraud or mistake. FED.

R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.") (citing *United States ex rel. Riley v. St. Luke's Episcopal Hospital,* 355 F.3d 370, 381 (5th Cir. 2004) (citing 2 James W. Moore, et al., Moore's Federal Practice § 9.03[1][b] at 9-18 through 9-19 (3d ed. 2003))).

The Court finds that Plaintiff's fraud allegations – apparently lodged against Defendants as a whole – lack the specificity of 'who, what, when, where, and how' of any representations made *to him* with the intent to defraud him, as is required by Rule 9 and its progeny. *Columbia/HCA Healthcare Corp.*, 125 F.3d at 903. Further, Plaintiff has not alleged how he relied on any fraudulent misrepresentations or how he was injured by them. Plaintiff has simply not stated any facts that would support a fraud claim.

To the extent Plaintiff's request for "a free and clear title to the property" is an attempted quiet title action, it also fails. "To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted). "The pleading rules are detailed and formal, and require a plaintiff to prevail on the

9

superiority of his title, not on the weakness of a defendant's title." *Id.* (citation omitted).

Here, Plaintiff has not pleaded any facts that would invalidate any assignment, purchase or transfer of the original mortgage documents or make the attempted foreclosure proceedings void. As such, Plaintiff has failed to state any facts that would show superior title in order to quiet title.

Therefore, on its face, Plaintiff's complaint states no facts that would entitle him to relief. And, even if the Court were to consider the allegations in Plaintiff's response regarding RESPA and FDCPA violations as properly before the Court, Plaintiff has still not stated any actionable claims.

Plaintiff's response to the motion to dismiss references his entitlement to a "QWR." The Court assumes such reference is to a "qualified written request" under RESPA, 12 U.S.C. § 2605, et seq. Even if the Court construed the facts alleged throughout Plaintiff's filings in this case to partially state a claim under 12 U.S.C. § 2605(c)(1)'s notice requirement[2] or 12 U.S.C. §2605(e)'s provisions regarding borrower inquires,[3] Plaintiff's complaint fails to allege his actual damages, as is required under 12 U.S.C. § 2605(f)(1).[4] "[A] plaintiff must allege actual damages resulting from

---

[2]12 U.S.C. § 2605(c)(1) requires that "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer."

[3]12 U.S.C. § 2605(e)(2) of RESPA provides that, within 60 days of receipt of a qualified written request, requires a servicer to make appropriate corrections in the account of the borrower and transmit to the borrower a written notification of such correction or provide the borrower with a written explanation or clarification that includes a statement of the reasons for which the servicer believes the account of the borrower is correct or unavailable or cannot be obtained by the servicer.

[4]12 U.S.C. § 2605(f)(1) provides that "[i]n the case of any action by an individual, an amount equal to the sum of – (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000."

a violation of § 2605." *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp.2d 619, 627 (S.D. Tex. 2010) (citing § 2605(f)(1)(A); *see also Akintunji v. Chase Home Finance, L.L.C.*, 2011 WL 2470709, 2 (S.D. Tex. 2011).

Therefore, based on clear statutory language and requirement of a showing of actual damages under RESPA, Plaintiff has not stated a claim under RESPA. *Kareem v. American Home Mortgage Serv., Inc.*, 479 Fed. Appx. 619, 620 (5th Cir. 2012) (affirming grant of summary judgment where there is no evidence of failure to comply with RESPA's requirements and no evidence of actual damages suffered).

Plaintiff also references Fair Debt Collection Practices Act in his response to the motion to dismiss. Generally, "mortgage lenders are not 'debt collectors' within the meaning of the FDCPA." *Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. Appx. 424, 428, (5th Cir.2012) (citing *Williams v. Countrywide Home Loans, Inc.,* 504 F. Supp.2d 176, 190 (S.D. Tex. 2007) *aff'd,* 269 Fed.Appx. 523 (5th Cir.2008)). The same is true for mortgage servicing companies. *See Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *Ayers v. Aurora Loan Services, LLC*, 787 F. Supp.2d 451, 456 (E.D. Tex. 2011). Plaintiff has not alleged any facts that would show how he could assert a FDCPA claim against the Wells Fargo Defendants and has not alleged any conduct of Defendant BDFTE that, if true, could constitute a violation of the statute. His suit will not proceed on FDCPA grounds.

As to any constitutional challenges to the foreclosure proceedings, Plaintiff fails to identify any statutory or constitutional provisions violated. Without further factual allegations, Plaintiff's brief statement does not provide Defendant with fair and adequate notice of the claims and does not meet the *Twombly* standard which "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. The Court will not "assume the veracity" of bare allegations that do not rise to the standard of a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950.

There are simply no facts before the Court in Plaintiff's complaint that would show how he is entitled to any relief against Defendants. As such, Defendants' dismissal arguments are well-founded, and Plaintiff's claims herein are dismissed with prejudice for failure to state a claim.

**SO ORDERED.**
**SIGNED this 25th day of February, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE